# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MARY HENDRIXSON, in the Interest of S.H., | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) No. 4:20-CV-49 RLW |
| JENNIFER TIDBALL, et al., | )<br>)<br>)<br>) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon plaintiff Mary Hendrixson's motion for leave to proceed in forma pauperis. The Court has reviewed the financial information plaintiff submitted in support of the motion, and has determined that plaintiff is unable to pay the filing fee. The Court will therefore grant the motion. 28 U.S.C. § 1915. In addition, the Court will dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(e)(2)(B)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court shall dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A complaint fails to state a claim if it does not plead enough facts to state a claim to relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Iqbal*, 129 S. Ct. at 1950. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951.

Pro se pleadings are liberally construed, and are held to a less stringent standard when considering a dismissal of the case for failure to state a claim. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Horsey v. Asher*, 741 F.2d 209, 211 n. 3 (8th Cir. 1984). Even so, a pro se complaint must contain specific facts to support its conclusions. *Kaylor v. Fields*, 661 F.2d 1177, 1183 (8th Cir. 1981).

**The Complaint**

Plaintiff brings this action pursuant to several civil rights statutes alleging violations of her child's, S.H.'s, rights. Named as defendants are: Jennifer Tidball (Acting Director, Missouri Department of the Division of Family Services); Karen Olezen (Supervisor, Div. of Family Services); Bradley Harmon (Caseworker, Division of Family Services); Mockia Shelton (Caseworker, Division of Family Services); Kristen Health (Caseworker, Division of Family

2

Services); Joy Stevens (Division of Family Services). Plaintiff asserts that she is bringing this lawsuit against defendants individually and in their official capacities. Plaintiff seeks only monetary damages.

For her statement of claim, plaintiff alleges as follows:

1). Minor child was assaulted multiple times in state care. Refusal to remove child from dangerous situation., covered up abuse.
2). Nov. 2018, Jan. 2019, Feb. 2019, March 2019, June 2019
3). Foster placement
4). Psychological injuries
5). Karin Oelzen child endangerment and abuse
Bradley Harmon child endangerment and abuse
Mockia Shelton child endangerment and abuse
Kristen Health child endangerment and abuse
Jennifer Tidball child abuse and endangerment

The complaint contains no other allegations.

## Discussion

The Court has carefully considered plaintiff's complaint, and has determined that it is subject to dismissal for several reasons.

The complaint is subject to dismissal as to defendants because plaintiff's complaint is made up of conclusory facts only. Plaintiff's vague and conclusory allegations that S.H. was a victim of child endangerment and abuse by the named defendants wholly lack factual support and are not entitled to the presumption of truth. *See Iqbal*, 556 U.S. at 678. Even pro se plaintiffs are required to allege facts in support of their claims, and the Court will not assume facts that are not alleged. *See Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004).

To the extent plaintiff is attempting to sue the Missouri Department of the Division of Family Services, her complaint is also subject to dismissal. To the extent plaintiff claims a state

entity violated S.H.'s rights, her cause of action lies in 42 U.S.C. § 1983, not within the criminal statutes that plaintiff has listed under her jurisdictional statement.

Even if plaintiff had pled her claims under § 1983, any claims against the Missouri Department of the Division of Family Services would be subject to dismissal because they are barred by the Eleventh Amendment to the United States Constitution. Plaintiff herein seeks only monetary damages. It is well-settled that states, state agencies, and state officials sued in their official capacities are protected from claims for money damages by the Eleventh Amendment, and Congress has not abrogated the state's immunity from suit under 42 U.S.C. § 1983. *See Miener v. State of Mo.,* 673 F.2d 969, 980-81 (8th Cir. 1982) (affirming the district court's dismissal of plaintiff's monetary damages claims against the Missouri State Board of Education and the Missouri State Department of Elementary and Secondary Education on Eleventh Amendment grounds, noting that the Department was created as a wing of the executive branch of state government and therefore any judgments against it would be paid from the state treasury; and that the Missouri State Board of Education shares such immunity).

The complaint is also subject to dismissal because plaintiff, a non-attorney, may not represent her child's interests in federal court as a pro se litigant. Plaintiff is proceeding pro se in this matter, there is no information upon which the Court can conclude that she is a licensed attorney, and the allegations of the complaint are for alleged violations of her child's rights.

While federal law provides that "parties may plead and conduct their own cases personally," 28 U.S.C. § 1654, this right does not extend to representation of one's child. *See Osei-Afriyie by Osei-Afriyie v. Medical College of Pennsylvania,* 937 F.2d 876, 882-83 (3d Cir. 1991) ("[A] non-attorney parent must be represented by counsel in bringing an action on behalf

4

of his or her child"); *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986) ("We hold that under Fed.R.Civ.P. 17(c) and 28 U.S.C. § 1654, a minor child cannot bring suit through a parent acting as next friend if the parent is not represented by an attorney"); *see also Lawson v. Edwardsburg Public School,* 751 F. Supp. 1257, 1258 (W.D. Mich. 1990) ("While a litigant has the right to act as his or her own counsel, see 28 U.S.C. § 1654, a non-attorney parent is not permitted to represent the interests of his or her minor child.").

On the same date plaintiff filed the instant complaint, plaintiff filed a motion for the appointment of counsel. However, in that motion, she failed to explain in any detail whatsoever the efforts she made to obtain representation by an attorney or why she was unable to obtain such representation. In addition, plaintiff's complaint is subject to dismissal for the myriad of reasons set forth above. Plaintiff's motion for the appointment of counsel will therefore be denied as moot, and she will not be permitted to bring this action on behalf of S.H.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's complaint and all of the claims alleged therein against all defendants are hereby **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel [Doc. #3] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of next friend [Doc. #4] is **DENIED.**

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 24th day of January, 2020.

Ronnie L. White
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE